849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernice CONNORS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3659.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1988.
 
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bernice Connors, a former coal miner, appeals the denial of black lung benefits. Because the Administrative Law Judge (ALJ) relied on important factual errors in denying benefits, and the Benefits Review Board affirmed on the basis of the same errors, the case must be remanded for redetermination.
 
 
 2
 The first issue involves the ALJ's decision, affirmed by the Board, that the x-ray evidence was insufficient to invoke the presumption of disability pursuant to 20 C.F.R. Sec. 727.203(a)(1). The x-ray evidence in this case is not extensive. One x-ray, made in 1974, was read by Dr. Martin as positive. A second x-ray, made in 1981, was read as negative by Drs. Smith and Iseman. The ALJ stated that he placed "greater weight on the readings of Drs. Isman [sic] and Smith due to their superior qualifications as B readers and board certified radiologists.[2] Furthermore, they interpreted the most recent x-ray in the record. Therefore I conclude that the weight of the x-ray evidence is negative," Joint Appendix at 16. Footnote 2, appended to this passage reads as follows:
 
 
 3
 However, the Director now concedes that Dr. Iseman, although a Board Certified Radiologist, was not a B reader. It is perfectly possible that the ALJ would still credit the readings of Drs. Smith and Iseman more than that of Dr. Martin, and continue to find that the presumption of disability had not been established by a preponderance of the x-ray evidence. See Mullins Coal Co. v. Director, OWCP, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987). However, in view of the ALJ's own statements, it is clear that he placed great reliance on his incorrect belief that Dr. Iseman was a B reader.
 
 
 4
 We believe it is up to the ALJ and the Board to make an initial determination in light of the correct facts. It is "a fundamental rule of administrative law ... that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis," Securities and Exchange Com. v. Chenery Corp. 332 U.S. 194, 196 (1947). For this Court to decide that the ALJ and the Board, faced with different facts, would necessarily come to the identical conclusion as to whether Connors has successfully invoked the presumption of disability based on x-ray evidence "would propel the court into the domain which Congress has set aside exclusively for the administrative agency," id.
 
 
 5
 The second major error of fact involves the length of coal mine employment credited to the claimant. The ALJ refused to credit any period not confirmed by Social Security records; he concluded that the claimant had twelve and a half years of service. However, Connors claimed he was employed in the coal mines beginning in the 1920's--before the advent of Social Security.[1] The Director concedes that Connors should be credited with at least fifteen years of service.[2]
 
 
 6
 The ALJ stated that "[t]he exact length of qualifying coal mine employment is an issue in this case, since it determines which legal presumptions, if any, apply to the evidence presented," Joint Appendix at 14. Since he had credited Connors with more than ten but less than fifteen years of coal mine employment, he applied the provisions of 20 C.F.R. Sec. 410.414(b)(4) which requires evidence of a "severe" lung impairment, and provides that "a mere showing of a respiratory or pulmonary impairment shall not be sufficient to establish such entitlement." The ALJ's analysis therefore assumed that Connors was required to show that "the lung impairment approximates the standards of total disability, evidences shortness of breath, chest pains on exertion, and frequent respiratory infections," Joint Appendix at 18.
 
 
 7
 In contrast, the initial parts of Sec. 410.414(b), which apply when a miner is credited with fifteen years of employment, do not require a "severe lung impairment," but rather provide that pneumoconiosis is to be presumed when there is evidence of "a totally disabling chronic respiratory or pulmonary impairment." Section 410.414(b)(1) refers to several other sections according to which "total disability" is to be determined, including section 410.426. While the ALJ specifically found "that the weight of all the relevant evidence in the record does not establish that the Claimant has a totally disabling chronic respiratory or pulmonary impairment," Joint Appendix at 18, that conclusion was reached without considering, as section 410.426 requires, Connors' age, education, and work experience.
 
 
 8
 Once again, it is entirely possible that the ALJ, had he credited Connors with the correct number of years and properly followed the regulatory scheme, would have reached the same conclusion. But it is also possible that he would have reached a different result. Connors has thus been prejudiced by the ALJ's error and remand is therefore required. See Gibson v. Director, 1 BLR 1-1016, 1-1017 (1978).[3]
 
 
 9
 In view of the need for another hearing to properly determine if Connors is entitled to benefits, it is unnecessary for us to examine Connors' other claims of error.
 
 
 10
 The case is remanded to the Benefits Review Board for further proceedings consistent with this opinion.---------------
 
 
 
 [2]
 A "B" reader is a physician who has demonstrated his proficiency in assessing and classifying x-ray evidence of pneumoconiosis by successful completion of an examination conducted by or on behalf of the Department of Health and Human Services (HHS). The qualifications of Drs. Isman and Smith are a matter of public record at the National Institute of Occupational Safety and Health reviewing facility at Morgantown, West Virginia. Consequently, greater weight is given to a diagnosis by a "B" reader. See Blackburn v. Director, 2 BLR 1-153 (1979)
 IdId at n. 2.
 
 
 [1]
 The ALJ may have meant that Connors had failed to prove any other period of employment, whether by Social Security records or other documentation. However, the ALJ who originally denied Connors' claim, in 1974, credited him with more than fifteen years as an underground miner, Joint Appendix at 63
 
 
 [2]
 Connors claims over twenty-three years of coal mine employment; some of this claim is supported only by his own testimony. However, the Joint Appendix at 28-29 contains a reproduction of a Bureau of Mines first aid certificate issued to Connors in 1930. It is undisputed that he worked in the mines from 1937 to 1949
 
 
 [3]
 In Gibson, the Benefits Review Board independently assessed the medical and nonmedical evidence to determine if the claimant could have received benefits absent the ALJ's error and found that he could not. It therefore affirmed the ALJ's decision without requiring a remand. We are not in the same position. While this Court must review the record to determine if a decision of the Board is supported by substantial evidence, we cannot properly assess the evidence de novo--a task conferred by Congress to others, as Chenery teaches